[Cite as *Dickson v. Miller*, 2012-Ohio-2142.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| BOBBI DICKSON | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| RICHARD MILLER | : | Case No. 11-CA-55 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Domestic Relations Division,
Case No. 11DR34


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            May 11, 2012


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

BOBBI DICKSON, PRO SE                     DENNIS P. EVANS
1620 Chelsea Place                        501 South High Street
Lancaster, OH  43130                      Columbus, OH  43215

*Farmer, J.*

{¶1}   Appellant, Richard Miller, and appellee, Bobbi Dickson, had been involved in a relationship which resulted in the birth of a child.  On November 14, 2010, the parties engaged in an argument while exchanging custody of the child.  As a result of the argument, appellant was arrested on a charge of domestic violence on November 18, 2010.  On January 24, 2011, appellee filed a petition for a civil protection order against appellant.

{¶2}   A hearing was held on September 22, 2011.  On September 26, 2011, the trial court issued an order of protection in favor of appellee, effective until January 24, 2014.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}   "THE FAIRFIELD COUNTY COURT OF COMMON PLEAS DOMESTIC RELATIONS DIVISION ERRED IN GRANTING BOBBI DICKSON'S DOMESTIC VIOLENCE CIVIL PROTECTION ORDER.   THE FACTS SUFFICIENTLY DEMONSTRATE THAT THE APPELLEE DID NOT PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE RICHARD MILLER ATTEMPTED TO CAUSE OR RECKLESSLY CAUSE PHYSICAL BODILY INJURY OR PLACE ANOTHER BY THREAT OF FORCE IN FEAR OF IMMINENT SERIOUS PHYSICAL HARM PURSUANT TO R.C. § 3113.31."

I

{¶5}   Appellant claims the issuance of the civil protection order was against the sufficiency of the evidence.  We disagree.

{¶6}   R.C. 3113.31 governs protection orders.   Subsection (A) states the following in pertinent part:

{¶7}   "(A) As used in this section:

{¶8}   "(1) 'Domestic violence' means the occurrence of one or more of the following acts against a family or household member:

{¶9}   "(a) Attempting to cause or recklessly causing bodily injury;

{¶10}  "(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the Revised Code."

{¶11}  "When granting a protection order, the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence.  R.C. 3113.31(D)." *Felton v. Felton,* 79 Ohio St.3d 34, 1997-Ohio-302, paragraph two of the syllabus.

{¶12}  In the case sub judice, appellant argues there was insufficient evidence to establish that he attempted to cause or recklessly caused bodily injury against a family or household member or that he placed another person in fear of imminent serious physical harm.

{¶13}  In its order of protection filed September 26, 2011, the trial court stated the following:

{¶14} "The Court hereby makes the following findings of fact: The Court heard the testimony of the parties and several Witnesses. The Court finds that the petitioner was a victim of domestic violence on November 14, 2010 due to the Actions of the Respondent. The Plaintiff suffered a black eye and an alleged concussion."

{¶15} Appellant specifically challenges the credibility of the witnesses. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶16} The trial court found appellee was a victim of domestic violence, but did not specify under which subsection of R.C. 3113.31(A). However, the trial court found appellant assaulted appellee.

{¶17} Appellee testified appellant "immediately got into my face with a chest-pump (sic) by stopping me" and pushed her up against a car. T. at 6, 24-25. Appellant then went after appellant's husband. T. at 7, 25. Appellee kicked appellant in "the private part" and appellant punched appellee "and I went flying, and my head hit the concrete." T. at 7, 32. Appellee experienced a black eye, dizziness, and a concussion. T. at 9-11; State's Exhibits D-1 – D-5. Before appellant left, he told appellee " 'This isn't over.' He goes, 'If you go to the police, I'm going to go old school on you.' " T. at 40. Appellee testified she was scared to be around appellant as she was afraid "of what he's going to do next to me. I don't know. It's always - - it is always his way. There's no changing his way. I cannot get around that." T. at 17-18.

{¶18} Appellee testified when he first arrived, he stayed in front of appellee so she couldn't get around him and appellee "just kind of bumped into me, nothing bad." T. at 87. Appellee then "went nuts and started hitting me" so he shoved her back. T. at 87. After appellee kicked him in the private parts, appellant shoved her into the car to "get her away from me." T. at 91. Appellant testified he "never struck her, period, just a face shove twice." T. at 96-97.

{¶19} Appellee's husband, Richard Dickson, witnessed part of the incident and testified appellant was the aggressor. T. at 52-53.

{¶20} As the trier of fact, the trial court was best equipped to determine which version of the incident was more believeable and substantiated by the evidence. We find appellee presented sufficient evidence to substantiate that appellant assaulted her and an incident occurred under R.C. 3113.31(A).

{¶21} Upon review, we find the trial court did not err in issuing the civil protection order.

{¶22} The sole assignment of error is denied.

{¶23} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Edwards, J. concur.


s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____ _____


_s/ Julie A. Edwards_ _____

JUDGES


SGF/sg 424

[Cite as *Dickson v. Miller*, 2012-Ohio-2142.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| BOBBI DICKSON | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RICHARD MILLER | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11-CA-55 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is affirmed. Costs to appellant.


s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


_s/ Julie A. Edwards_____

JUDGES